Contracts; substantial evidence; constructive acceleration; notice to proceed; equal materials; unusually severe weather; changed conditions; deficient index. — Plaintiff seeks review under Wunderlich Act standards of two decisions rendered *885 by the Contract Appeals Board of the Department of Transportation. Plaintiff submitted a bid on a contract with the Federal Aviation Administration to construct a cable and duct line serving the Terminal Radar Control (TRACON) at the Los Angeles International Airport. Bids were opened on October 2, 1972. Plaintiffs bid provided that it could be accepted up to 60 days after opening. Plaintiff was awarded the contract on November 20, 1972. Notice to proceed was issued by letter dated November 29, 1972, to be effective December 8, 1972. A 90-day completion schedule was modified during performance due to difficulties and delays arising from adverse weather conditions and change orders. Plaintiff completed the contract work on time. Plaintiff brought suit for additional time extensions and reimbursement for extra costs. Plaintiff first claims that defendant’s actions constituted a constructive acceleration of the contract. This claim has three aspects. Initially plaintiff contends that the defendant delayed unreasonably in issuing the notice to proceed in view of the delay in award and the approaching rainy season in California. This delay, it is argued, caused plaintiff to have to contend with adverse weather conditions and thus entitled plaintiff to an additional time extension of eleven days. On August 17, 1979 Trial Judge Mastín G. White filed a recommended opinion (reported in full at 26 CCF ¶83,610) affirming the Board’s decisions as supported by substantial evidence and not contrary to law. The trial judge found no unreasonable delay in that plaintiffs bid allowed 60 days for acceptance and the notice to proceed was effective within that period. Also, plaintiff did not request prompt issuance of the notice to proceed nor protest when it was issued. In further support of its constructive acceleration claim the plaintiff argues that defendant’s rejection of submitted material for the duct was unreasonable and caused delay. The contract afforded the contractor the option to use either asbestos cement or PVC duct. Equal materials could be substituted where a proprietary name was used. Plaintiff submitted an ABS duct which was rejected by the contracting officer’s representative as unsuitable. The trial judge found the Board’s determination that plaintiff failed to prove the ABS duct was equal to the PVC duct supported by *886 substantial evidence. Moreover, it was not shown that PVC was a proprietary name, so in any event the contractor would not be entitled to substitute equal material. Finally, plaintiff contends that the Board’s allowance of a 48-day time extension due to rainfall and attendant unworkable ground conditions was insufficient and worked a constructive acceleration of the contract. The Los Angeles International Airport received a heavier than normal rainfall during the period of performance. Heavy rain caused the trench to be flooded, causing delay. The contract allowed time extensions in the event of "unusually severe weather”. The trial judge agreed that a heavier than normal amount of rain fell during the period but noted there were only two days when the rain was so heavy as to cause unusual difficulty and delay. The adverse weather conditions and the related unworkable ground conditions affected plaintiffs operations adversely on a maximum of 26 days when work was scheduled for performance. Therefore the Board’s allowance of 48 days was clearly supported by substantial evidence and may have been overly generous. Plaintiffs second claim is that changed conditions were encountered while constructing the trench, thus entitling plaintiff to an equitable adjustment in accordance with the contract provisions. During trench excavations a terra cotta pipe was unexpectedly encountered. Before it was removed by defendant it leaked a small amount of water into the trench. Plaintiff contends the leakage contributed to the trench cave-ins experienced during construction. Defendant argues that any damage was caused by surface runoff. The trial judge found that the plaintiff could not invoke the changed conditions clause since a causal connection between the leak and the damage was not shown. Plaintiffs third claim arises out of defendant’s failure to list one of the paragraphs contained in the "Additional General Provisions” to the contract in the index to that section. The paragraph, "Layout of Work”, called for the contractor to perform survey work. Plaintiff only read the index and thus contends he was unaware of the requirement until after performance had begun. Plaintiff asks for additional compensation for the survey work performed. The trial judge held that the contractor has a duty to familiarize himself with the *887 contents of the contract and not rely solely on the index. A contractor cannot avoid responsibility under a contract merely by not reading it. On October 12, 1979 the court, by order, adopted the trial judge’s recommended decision as the basis for its judgment in this case, denied plaintiffs motion for summary judgment, granted defendant’s cross-motion for summary judgment, and dismissed the petition.